COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Felton

LOTORIA CARLOS

MEMORANDUM OPINION[*]
v.      Record No. 1060-15-1                                    PER CURIAM
                                                                JANUARY 19, 2016
VIRGINIA BEACH DEPARTMENT
 OF HUMAN SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

(Elizabeth M. Wood, on brief), for appellant.[1]

(Mark D. Stiles, City Attorney; Christopher S. Boynton, Deputy City
Attorney; Elena E. Ilardi, Associate City Attorney; Angela Dinger,
Guardian *ad litem* for the minor child, on brief), for appellee.


Lotoria Carlos (mother) appeals an order finding that her youngest child, Z., is at risk of

being abused and neglected and awarding custody of the child to Delores Gaines. Mother argues

that the trial court erred by finding that it was in the best interests of the child to be removed from

mother's custody because there was no evidence that appellant committed any acts toward the child

that rose to the statutory definition of abuse and neglect. In addition, mother contends the trial court

erred in permitting the Virginia Beach Department of Human Services (the Department) to place the

child in the care of Gaines. Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On November 25, 2015, the trial court entered an order substituting Lenita Ellis as
counsel of record for appellant.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Mother has twelve children. The youngest child, who was born in June 2014, is the subject of this appeal. The Department previously removed children from mother's care in 2005; however, they eventually were placed back with her. On April 17, 2013, the Department again became involved with the family after mother's oldest child called 911 for help because mother was threatening him and his siblings with a knife. The oldest child stated that he and his siblings were "whooped all the time" with "[a]nything that was near her, like belts, brooms." The oldest child described several incidents where mother beat the children, gave one child a black eye, and threatened another child with a hammer. The Department removed the children from the home.[2] Mother denied threatening and harming her children. She said that she did not use corporal punishment on them after 2010.

In 2013, mother submitted to a parental capacity evaluation. Dr. Kathleen Dring explained that mother had an explosive personality and would make illogical decisions. Dr. Dring opined that long-term psychotherapy would not significantly change mother's parental abilities, but it could help her anxiety, depression, and suspiciousness.

Mother participated in psychotherapy. She saw Dr. Angela Jones approximately seventy times between the fall of 2013 and December 2014. Despite the numerous sessions, mother still did not address the abuse allegations.

---

[2] At the time of the 2013 removal, the youngest child was not born.

On April 14, 2014, the Virginia Beach Juvenile and Domestic Relations District Court (the Virginia Beach JDR court) terminated mother's parental rights to her eleven oldest children. Mother appealed to the Virginia Beach Circuit Court. On August 20, 2014, the Virginia Beach Circuit Court terminated mother's parental rights to her eleven oldest children. Mother appealed this ruling to this Court. On March 3, 2015, this Court summarily affirmed the Virginia Beach Circuit Court's ruling that terminated her parental rights to her eleven children. See Carlos v. City of Virginia Beach Dep't of Human Servs., Record No. 1631-14-1, 2015 Va. App. LEXIS 65 (Va. Ct. App. Mar. 3, 2015).

The youngest child, who is the subject of this appeal, was born in early June 2014. Two days after her birth, the Department removed the child from mother's custody. Shortly thereafter, the child was placed with her paternal aunt, Gaines. On June 13, 2014, the Norfolk Juvenile and Domestic Relations District Court (the Norfolk JDR court) adjudicated the child as "at risk of abuse and neglect." On August 5, 2014, the Norfolk JDR court entered a dispositional order, a child protective order, and a custody order. The child continued to live with Gaines, while mother had supervised visitation. On October 16, 2014, the Norfolk JDR court finalized its child protective order and custody order. Gaines had legal and physical custody of the child, while mother had supervised visitation with the child on Saturdays at a visitation center, at her expense. Mother appealed the decision to the Norfolk Circuit Court.

The Norfolk Circuit Court heard evidence and argument on March 26, May 27, June 2, and June 8, 2015. The Norfolk Circuit Court found that the youngest child was a child at risk of abuse and neglect. It awarded custody of the child to Gaines and allowed mother weekly supervised visitation at a supervised visitation center, at her expense, on Saturdays for up to two hours per week and any additional supervised visitation at Gaines' invitation. This appeal followed.

ANALYSIS

I.

Mother argues that the Department did not prove that she abused or neglected the child. She asserts that although there were allegations of physical abuse toward the older children, mother exhibited no behavior toward her youngest child that indicated she would pose a threat to the child.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted).

Code § 16.1-228(1) defines a neglected child as any child:

> Whose parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions . . . .

The "statutory definitions of an abused or neglected child do not require proof of actual harm or impairment having been experienced by the child. The term 'substantial risk' speaks *in futuro* . . . ." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1183, 409 S.E.2d 16, 19 (1991).

Contrary to mother's arguments, the Department proved that the youngest child was at substantial risk of abuse and neglect. Less than two months before the child's birth, the Virginia Beach JDR court terminated mother's parental rights to her eleven oldest children because of her abuse toward the children. The record includes the oldest child's testimony about how mother abused them, as well as the therapy notes from the children's counselor. Despite mother engaging in therapy, she refused to address the allegations of abuse. The counselors testified that

- 4 -

it was important for mother to accept responsibility for her actions in order to change her parenting, but she continued to deny that the abuse occurred.

Considering the totality of the circumstances, the trial court did not err in finding that the youngest child was at risk for abuse and neglect.

## II.

Mother argues that the trial court erred in finding that it was in the child's best interests to remain in the custody of Gaines. Gaines is the child's paternal aunt and is not related to mother's other children. Mother expressed concern about the child remaining in Gaines' care because approximately twenty years ago, Gaines was convicted of a crime involving drugs. However, there was no evidence of any other criminal convictions.

In addition, mother argues that Gaines had an anger problem because there were incidents during mother's visitation with her youngest child. Mother was upset that Gaines had the child's ears pierced without her permission. Mother and Gaines had a disagreement. Ultimately, they could no longer use the visitation center. Since mother did not identify another visitation center, her last visit with the child was November 14, 2014.

The circuit court heard evidence that the child is doing well in Gaines' custody. The child is healthy and developmentally on track.

Once a court finds that a child has been abused or neglected and there is no less drastic alternative, it may award custody of the child to a relative. See Code § 16.1-278.2(A)(5). In accordance with Code § 16.1-278.2(A1), the trial court specifically found that

> Delores Gaines is a person who is: (1) willing and qualified to receive and care for the child; (2) is willing to have a positive, continuous relationship with the child; (3) is committed to providing a permanent, suitable home for the child; and (4) is willing and has the ability to protect the child from abuse and neglect.

The record supports the trial court's findings.  Contrary to mother's arguments, the trial court did not err in ordering that Gaines have custody of the child.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.